UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD BAYMON,<br><br>    Petitioner,<br><br>v.<br><br>STEPHANIE CLENDENIN,<br><br>    Respondent. | Case No. 21-cv-01585-JST<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, who is currently housed at Napa State Hospital,[1] filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243.

**BACKGROUND**

According to the petition (ECF No. 1), Petitioner is a pretrial detainee and is awaiting trial on the following charges: carrying a concealed dirk or dagger (Cal. Penal Code § 21310); two counts of robbery (Cal. Penal Code § 211); assault with a deadly weapon (Cal. Penal Code § 245(a)(1)); attempted carjacking (Cal. Penal Code §§ 245(a)(1), 664); and resisting arrest (Cal. Penal Code § 148(a)(1)). ECF No. 1 at 1-2. Petitioner has been committed to Napa State Hospital pursuant to a court order from Sonoma County Superior Court. ECF No. 1 at 7.

Petitioner reports that he has filed habeas petitions in Sonoma County Superior Court

---

[1] The Clerk of the Court is directed to substitute California Department of State Hospitals Director Stephanie Clendenin in place of the previously named respondent because Director Clendenin is Petitioner's current custodian. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.), *as amended* (May 8, 1996) (rules governing relief under 28 U.S.C. § 2254 require person in custody pursuant to judgment of state court to name state officer having custody of him as respondent); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (respondent in habeas petition typically is warden of facility in which petitioner is incarcerated).

1  challenging his custody as violation his due process rights, his constitutional rights, his civil rights,
2  and his state law rights. ECF No. 1 at 3.

## DISCUSSION

### A. Procedural History

On April 1, 2021, the Court ordered Petitioner to show cause why this action should be dismissed for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b). ECF No. 11. In his answer to the April 1, 2021 order to show cause, Petitioner stated that his petition was brought pursuant to 28 U.S.C. § 2241. ECF No. 15 at 4. In this answer, Petitioner also makes the following additional allegations: he is being falsely imprisoned; Sonoma County officials set excessive bail; his counsel was inadequate; and that he is being illegally poisoned with anti-psychotic medications. ECF No. 15 at 5, 6, 9. Petitioner also cites various state constitutional provisions, state penal code sections, sections of state law treatises, and the Fifth, Sixth, and Fourteenth Amendment of the federal Constitution. ECF No. 15 at 6-7.

### B. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### C. Order to Show Cause

Petitioner seeks federal habeas relief pursuant to 28 U.S.C. § 2241(c)(3), which challenges a petitioner's custody on the grounds the petitioner is in custody in violation of the Constitution or laws or treaties of the United States, but does not require the custody be pursuant to a state court judgment. 28 U.S.C. § 2241(c)(3); *see also McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (where petitioner is not being held pursuant to state court judgment, petition falls under 28 U.S.C. § 2241). Petitioner alleges that his federal constitutional right to a speedy trial has been violated by the state trial court's failure to bring him before a magistrate within forty-eight hours,

to hold a preliminary hearing within ten court days of his arraignment, and to set a trial within sixty days of his arraignment. ECF No. 1 at 5. Petitioner also claims that he is being held without bail and denied a free transcript, citing to California state law treatises and California state caselaw. ECF No. 1 at 8.

Liberally construed, the speedy trial claim appears cognizable under § 2254[2] and merits an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally). However, to the extent that Petitioner is alleging that his custody violates state law, these claims fail to state cognizable claims for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law"). Section 2241 provides for federal habeas relief where the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. The Court does not consider the claims raised by Petitioner in his answer to the Court's April 1, 2021 order to show cause. A petitioner cannot add claims piecemeal to his petition, i.e. by filing pleadings with the additional claims he wishes to raise. If Petitioner wishes to seek federal habeas relief on grounds that are not presented in his petition, he should file an amended petition that lists all the claims he wishes to present, including the speedy trial claim found cognizable above. In preparing an amended petition, Petitioner is reminded that violations of state law do not state cognizable claims for federal habeas relief.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by

---

[2] The Court notes that abstention principles will generally require a district court to abstain from exercising jurisdiction over a habeas petition that asserts a speedy trial claim as an affirmative defense to state prosecution. *See Brown v. Ahern*, 676 F.3d 899, 900, 903 (9th Cir. 2012) (holding that a federal court must dismiss a habeas petition that prematurely raises a speedy trial defense to state prosecution when a state asserts the abstention doctrine as a defense to federal habeas jurisdiction).

1  mail a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: May 21, 2021



JON S. TIGAR
United States District Judge

4